ALVA WATSON ET AL.

v.

REASON HOOTON, Ex'r.

LANDLORD AND TENANT—COVENANT TO REPAIR—BREACH—DAMAGES.—
The landlord covenanted in the lease to keep the roof in good repair, and the tenant went into possession and made valuable improvements in painting and papering the interior of the house, which, by reason of the leaky condition of the roof, were destroyed, and the premises became unfit for use. In an action for rent, *held*, that the tenant should have been permitted to show the damages suffered by the leaky condition of the roof, and he was entitled to recover all legitimate damages sustained by the breach of the covenant to repair; and this right to substantial damages was not affected by the fact that appellant, with consent of the landlord, had sub-let the house to one who had paid him the same rent agreed for in the lease.

APPEAL from the County Court of Vermillion county; the Hon. R. W. HANFORD, Judge, presiding. Opinion filed October 2, 1879.

Mr. D. D. EVANS and Mr. C. M. SWALLOW, for appellants; that courts ought not to construe covenants as independent, and still enforce a performance by the other party, unless there is no other mode of enforcing the instrument, cited Mecum v. Peoria R. R. Co. 21 Ill. 535; Lunn v. Gage, 37 Ill. 19.

Before a party can recover on a contract, he must have performed on his part, or shown a readiness to perform, and an excuse or prevention of performance by the other party: Baird v. Evans, 20 Ill. 29; Hunt v. Thompson, 3 Scam. 179.

Had the lessees made the repairs, the cost of the same would have been the measure of damages, but this they were not bound to do: Green v. Mann, 11 Ill. 613; Hinckley v. Beckwith, 13 Wis. 37.

In an action for rent by the landlord, the tenant may recover for rent lost by his undertenant leaving the premises in consequence of their condition: Pettinger v. Levy, 4. E. D. Smith, 288.

Defendants were entitled to recover all the damages they sustained by reason of non-repair of the premises: Green v.

Mann, 11 Ill. 613; Lunn v. Gage, 37 Ill. 19; Hinkley v. Beckwith, 13 Wis. 38; C. & R. I. R. R. Co. v. Ward, 16 Ill. 526; Pettinger v. Levy, 4 E. D. Smith, 288; Haven v. Wakefield, 39 Ill. 509.

The lessees were not bound to pay the rent: Anderson v. Chicago, M. & F. Ins. Co. 21 Ill. 604.

Messrs. Mann, Calhoun & Frazier, for appellee; against appellants' right to recover for non-repairs, after having kept the premises the full length of the term, cited Cable v. Ellis, 86 Ill. 527; Mechanics Bank v. Frazer, 86 Ill. 133; Whilbeck v. Skinner, 7 Hill, 53; Dorwin v. Potter, 5 Denio, 306; Watts v. Coffin, 11 Johns. 495.

Davis, P. J.   Appellees rented to appellants a large hotel building for a term, commencing on the first day of September, 1877, and ending on the thirteenth day of December, 1878, for the sum of fifteen hundred dollars per year, payable in monthly installments.

In the lease appellees covenanted to keep in good repair, at their own expense, the roof of the hotel building so that it should not leak, and appellants, in consideration of the premises, covenanted to pay the rent.   Appellants with the consent of appellees, sub-let the premises after occupying them until January, 1878.   The monthly installments were all paid by appellants and the sub-lessees, except the months of July and August, and to recover the rent due for these two months this suit was brought.   Appellants filed the general issue and several special pleas, to which special pleas appellee demurred, and the court below sustained the demurrer, and, as we think, properly.   The case was then by agreement submitted to the court for trial without the intervention of a jury.   On the trial the following question was asked by appellants of one of the witnesses : " You will now please state to the court what damages, if any, you have sustained by reason of the roof leaking?"   Appellees objected to the question, and the court sustained the objection.   In this we think the court erred. The witness should have been permitted to answer the question.

Watson v. Hooton.

After hearing the evidence, the court rendered a judgment in favor of appellees for two hundred and nine dollars and sixty-two cents, and costs of suit, from which judgment appellants appealed.

The record shows that appellants took possession of the premises, and soon thereafter expended about seven hundred dollars in papering and otherwise improving the inside of the house, and the first rains in October nearly ruined the whole of it. The roof leaked badly every time it rained, and the water loosened the paper on the walls, and soiled the paint, wet the beds and carpets, and made the rooms unfit for guests. It leaked so badly that appellants were obliged to keep extra help, and it made their expenses so heavy that they could make no money. The evidence very heavily preponderated that the premises, in their bad condition, owing to the leaking of the roof, were not worth one-half of the rent agreed to be paid. Appellees contend that the court should not have allowed more than nominal damages as a deduction from the rent due, inasmuch as appellants, during the time they rented the premises to others, received from their sub-tenants the same rent they agreed to pay. Appellees broke their covenant, and for the breach of it appellants were entitled to recover all legitimate damages they sustained by the breach of the contract, and it does not lie in the mouth of appellees to say that they should escape all punishment for their want of good faith, because appellants received the same rent they paid during the time they did not themselves occupy the premises.

We think the evidence shows that appellants were damaged to a greater amount than the two months' rent sued for, and to the extent of that rent they should be allowed to recoup. The judgment should have been rendered in favor of appellants for costs of suit.

Reversed and remanded.